---

SAME v. SAME.

**Tax Sales:** PURCHASE BY COUNTY COMMISSIONERS. At all tax sales, public or private, the county commissioners of the proper county may purchase for the use and benefit of their respective counties any real estate therein which has been offered at public sale for delinquent taxes and remains unsold for the want of other bidders.

ORIGINAL application for mandamus.

*E. W. Thomas, A. J. Weaver*, and *Frank Martin*, for relator.

*C. Gillespie* and *Isham Reavis*, for respondent.

COBB, CH. J.

This is an application for a peremptory writ of mandamus to be issued to the respondent, who is the county treasurer of Richardson county, commanding him to sell certain lands in said county at private tax sale to the relators, the board of county commissioners of said county.

It is alleged in and by the relation that upon certain real property therein described, from the year 1865 to the year 1880, inclusive, the taxes have not been paid, although the same is owned by a private owner therein named, and though the said real property was regularly and lawfully assessed for each year within said period, and that there now stands on the treasurer's books of said county a large amount therein stated of delinquent taxes regularly and lawfully assessed thereon for the years between the dates aforesaid. And that for each of said years the taxes not being paid on said real property, the same was offered at public sale for said taxes by the county treasurer of said county, as required by law, but not sold for want of bidders, and for each of said years the county treasurer made return of public tax sale and filed the same in the office of the county clerk as provided by law. That on the ...... day of October, 1885, the county commissioners applied to the defendant as treasurer of said county to purchase for the use and benefit and in the name of said county the real property thereinbefore mentioned and described, the same remaining unsold for the want of bidders as aforesaid, and requested said treasurer to issue certificates of purchase of said real property, in the name of said county, but that the said treasurer refused and still refuses to do so, and that again, after the respondent as treasurer had held the public tax sale for the present year (1885) and made his return thereof as provided by law, the board of county commissioners made application to the respondent as county treasurer to purchase said real property for said county, and requested the said treasurer to issue a certificate for the purchase of said real property as provided by law, and that the said treasurer again refused and still refuses so to do, alleging as an excuse therefor that the county cannot purchase at private sale, etc.

To this relation the respondent interposed a general demurrer.

The law granting to the board of county commissioners. the power to buy in for taxes in the name of the county such delinquent lands as might remain unsold for want of bidders is one of the remedies devised by the legislature for the great and growing evils of delinquency on the part of tax payers, and is necessary to the enforcement of the remedy by foreclosure of tax liens. As such, the provisions of the law will be liberally construed.

Section 1 of the act approved February 27, 1879, provides as follows: "That at all tax sales provided for by law the county commissioners of the several counties of this state may purchase for the use and benefit and in the name of their respective counties any real estate therein advertised and offered for sale when the same remains unsold for want of other bidders," etc.

Section 109 of the general revenue law of 1879 provides that, "on the first Monday of November in each year,. between the hours of nine o'clock A.M. and four o'clock P.M., the treasurer is directed to offer at public sale at the court-house or place of holding court in his county, or at the treasurer's office, all lands on which the taxes levied for state, county, township, village, city, school district, or any other purpose, for the previous year still remain unpaid, and he may adjourn the sale from day to day until the lands and lots have all been offered," etc. Section 113 provides that, "After the tax sales shall have closed, and after the treasurer shall have made his return thereof to the county clerk as provided in the preceding section, if any real estate remains unsold for the want of bidders therefor, the county treasurer is authorized and required to sell the same at private sale at his office to any person who will pay the amount of the taxes, penalty, and costs thereof for the same," etc. Comp. Stat., Ch. 77. Here are two tax sales provided for by law, one public the other private, and these the law-makers doubtless had in view when they provided that "at all tax sales," etc., the county commis-

sioners may purchase, etc.   It was not the purpose of the legislature nor is it within the policy of the laws to permit the county commissioners to enter into competition with private purchasers, but only to purchase such as remains unsold for want of other, that is to say private, bidders or purchasers.   But in order to give effect to the language of the statute it must be held that they may purchase at the public sale, yet at that sale they must wait until the private bidders have had an opportunity to purchase and the lands remain unsold for want of other bidders.   So also at the private sale, while it is not required that the treasurer wait for the appearance of other or private bidders, yet if they do appear before the sale is made to the county commissioners they will be entitled to the preference.   But in the absence of such private purchasers the county commissioners may purchase for the use and benefit of their respective counties, at private sale, any such delinquent real estate as remains unsold for the want of other bidders.

The demurrer to the relation is therefore overruled, and a peremptory mandamus will be issued as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.